# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 APR 25 AM 11:50

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) Magistrate Docket No. <br> ) Case No. **'08 MJ1292** <br> ) |
| Plaintiff, | ) <br> ) COMPLAINT FOR VIOLATION OF: |
| v. | ) Title 18 USC, Section 758 – High Speed <br> ) Flight from Immigration Checkpoint |
| Jorge TRUJILLO-Quinarez | ) (Felony) <br> ) |
| Defendant, | ) Title 8 USC, Section 1326 - Deported <br> ) Alien Found in the United States <br> ) (Felony) <br> ) |

The undersigned complainant, being duly sworn, states:

### COUNT ONE

On or about April 23rd, 2008, within the Southern District of California, Defendant Jorge TRUJILLO-Quinarez, with the intent to violate the immigration laws of the United States, while in a motor vehicle, did willfully flee and evade a checkpoint operated by the United States Customs and Border Protection – United States Border Patrol, a federal law enforcement agency, and did flee Border Patrol agents at a speed in excess of the legal speed limit; in violation of Title 8 United States Code, Section 758.

### COUNT TWO

On or about April 24th, 2008, within the Southern District of California, Defendant Jorge TRUJILLO-Quinarez, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.



And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS THE 25TH DAY OF APRIL, 2008.

UNITED STATES MAGISTRATE JUDGE

## STATEMENT OF FACTS

On April 23rd, 2008, Border Patrol Agent Daniel Bauer was assigned to the primary inspection position at the United States Border Patrol Highway 94 Checkpoint near Jamul, California. At approximately 6:25 AM, a 2002 Honda Accord bearing California license plate 5BCR949 approached the primary inspection position. Agent Bauer attempted to conduct an immigration inspection on the occupant of the vehicle. Agent Bauer identified the driver as a Hispanic male wearing military battle dress fatigues. At the same time, Border Patrol Agent Thomas Ward, who is a canine handler, performed an exterior sweep of the vehicle with his service canine "Gino." The service canine alerted to the presence of contraband in the trunk. Agent Ward advised Agent Bauer to perform a trunk inspection. Agent Bauer, having recognized the driver of the vehicle, as passing through the checkpoint at approximately the same time on the three previous days, requested to inspect the vehicle's trunk. The driver of the vehicle immediately became combative and uncooperative with Agent Bauer. Agent Bauer subsequently instructed the driver to proceed to the secondary inspection area. The vehicle initially advanced toward the secondary inspection area and then abruptly accelerated away from the checkpoint towards San Diego, California. Agent Ward attempted to pursue the vehicle; however, the driver of the Honda Accord fled from the checkpoint well in excess of the posted speed limit and eluded apprehension.

At approximately 6:45 AM, Agent Bauer was again operating the primary inspection point at the Highway 94 Checkpoint. Agent Bauer observed a 2006 Ford Fusion, bearing California license 6DJF339 approach the primary inspection position. Agent Bauer described the driver as a Hispanic male wearing military battle dress fatigues. Agent Bauer attempted to conduct an immigration inspection on the driver, later identified as Jorge TRUJILLO-Quinarez (hereinafter referred to as Defendant). However, the Defendant avoided eye contact and kept looking forward. Border Patrol Agent Patrick Eddy conducted a sweep of the vehicle's exterior with his service canine. While performing the canine inspection, the canine alerted Agent Eddy to the vehicle, indicating contraband may be secreted. At about the same time, Agent Ward, who was returning from attempting to stop the first vehicle that fled the checkpoint,

advised Agent Bauer that the Ford Fusion was likely associated to the Honda Accord based upon the clothing of the driver, the canine alert and the driver's lack of cooperation. Agent Bauer requested the driver's permission to search the vehicle's trunk and the driver initially consented. As Agent Bauer made his way towards the trunk area, the driver accelerated the vehicle and fled from the checkpoint at a high rate of speed. Agent Ward again attempted to pursue the vehicle; however, due to the driver fleeing at a speed in excess of the posted speed limit of 55 miles per hour and the vehicle being observed passing other motorists in an unsafe manner, Agent Ward was unable to successfully stop the vehicle.

On April 24th, 2008, Immigration and Customs Enforcement Special Agents Jeffrey Pryor, Daniel Krall and Robert Rodgers traveled to 3013 Clay Avenue San Diego, California, which is the registered address for the 2002 Honda Accord that fled from the Checkpoint on the previous morning. At the residence the Agents discovered six undocumented aliens from Mexico, including the Defendant. The Defendant was discovered on the property near the side of the residence. Border Patrol Agents Clay Liedecke and David Penta conducted an immigration inspection on the Defendant, who freely admitted to being a citizen and national of Mexico with no documentation that would permit him to enter, be in or remain in the United States legally. Additionally, the Defendant admitted to Agent Pryor that he had previously been deported from the United States to Mexico.

An I-205 (Warrant of Deportation) was reviewed in Defendant's alien file. This form documents the Defendant's physical removal from the United States to Mexico through the Port of San Ysidro, California on March 22nd, 2007. Also observed by the complainant was a form I-213 (Record of Deportable Alien) which identified the Defendant as a citizen and native of Mexico. The complainant additionally reviewed a fingerprint card and photographs from the Defendant's alien file which were taken during processing for deportation. The Defendant was removed by order of the Executive Office for Immigration Review.

After a thorough review of ICE records and automated databases, the complainant was unable to find any evidence that the Defendant has applied for or been granted permission to return to the United States lawfully after deportation.

While at the Border Patrol processing facility in Chula Vista, California, Agent Bauer identified the Defendant as the driver of the 2006 Ford Fusion that fled from the checkpoint on April 23rd, 2008. During a subsequent interview, the Defendant stated that he was at the Clay Avenue residence to meet with a friend identified as Ramiro Rojas. During a consensual search of the residence, a room rented by Rojas was located. Within the room, Agents discovered military battle dress fatigues, fraudulent immigration and benefit documents and other miscellaneous documents showing indicia of residency. The Defendant was then questioned about his activities on April 23rd, 2008, between the hours of 4:00 AM and 8:00 AM. The Defendant stated that he was asleep at his residence, located at 3446 Newton Avenue San Diego, California. ICE Agents subsequently traveled to 3446 Newton Avenue to locate any persons who could verify the Defendant's claim. However, the Defendant's claim could not be verified.

The Defendant was interviewed again by agents to determine if anyone could verify his claim that he was sleeping at home. The Defendant then stated that he lied about his address being 3446 Newton Avenue. The Defendant then told agents that he resided with family members, whose address the Defendant refused to provide. The Defendant then stated that a family member could verify his whereabouts. The complainant is attempting to determine the location of the family member to determine the validity of the Defendant's claim. During a post-arrest review of the Defendant's telephone Agents discovered that the Defendant received and answered a telephone call at approximately 6:39 AM on April 23rd, 2008, from a yet unknown individual.

Agents interviewed each of the undocumented aliens arrested with the Defendant. None of the undocumented aliens provided any information that verified the Defendant's statement. Moreover, only one of the undocumented aliens claimed to have known the Defendant prior to the time of arrest on the morning of April 24th, 2008, at 3013 Clay Avenue San Diego, California.